# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. VERNON and FELICISIMA S. VERNON,<br><br>    Plaintiffs,<br><br>vs.<br><br>GREEN TREE SERVICING LLC; NATIONAL DEFAULT SERVICING COMPANY, and DOES through 100,,<br><br>    Defendants. | CASE NO. 13-cv-01841 JM (JMA)<br><br>ORDER GRANTING UNOPPOSED MOTION TO DISMISS |

Presently before the court is Defendant Green Tree Servicing LLC's motion to dismiss the complaint. Dkt. No. 4. The motion is unopposed. For the following reasons, the motion is GRANTED.

## BACKGROUND

On June 14, 2013, Plaintiffs filed their complaint against Defendants in California Superior Court, alleging various violations of California law related to the financing of real property located in Las Vegas, Nevada. On August 8, 2013, Defendants removed this case to federal court. On August 15, 2013, Defendant Green Tree Servicing LLC filed the instant motion to dismiss Plaintiffs' complaint on the basis of improper venue pursuant to Fed. R. Civ. P. 13(b)(3), and failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The motion was set for a hearing on October 28, 2013. Thus, Plaintiffs' opposition

to the motion was due on or before October 14, 2013.  See Civ. Local R. 7.1.e.2.  To date, no opposition or amended complaint has been filed with the court or served upon counsel for Defendants.

**LEGAL STANDARDS**

Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of nonopposition within fourteen calendar days of the noticed hearing. As further described in Local Rule 7.1.f.3.a., the opposition must be in writing. Failure to file an opposition in compliance with these rules "may constitute a consent to the granting of a motion" under Local Rule 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions.'"  Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

**DISCUSSION**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Not only is orderly and swift resolution of disputes important to the rule of law, but delay in reaching the merits "is costly in money, memory, manageability, and confidence in the process." In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006).  Along with determining the public's interest in expeditious resolution of the litigation, the district court judge is also in the best position to determine whether the delay in failure to oppose a motion or to comply with a timing requirement interferes with the court's docket management.  Yourish, 191

1  F.3d at 990; Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Here,
2  Plaintiffs have not taken the necessary steps to maintain their claims in the face of
3  Defendants' motion to dismiss.  Accordingly, these factors weigh in favor of
4  dismissal.  Pagtalunan, 291 F.3d at 642.

5      "A defendant suffers prejudice if the plaintiff's actions impair the defendant's
6  ability to go to trial or threaten to interfere with the rightful decision of the case."
7  In re Phenylpropanolamine, 460 F.3d at 1227 (quoting Adriana Int'l Corp. v.
8  Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)).  Prejudice may include failing to
9  produce documents or submitting documents late.  Id.  Moreover, the law presumes
10 that unreasonable delay is prejudicial.  Id. (citing In re Eisen, 31 F.3d 1453).  The
11 plaintiff may rebut this presumption either by showing that no actual prejudice
12 occurred or by setting forth a non-frivolous explanation for the delay, which then
13 shifts the burden to the defendant to show some actual prejudice.  Id. (citing In re
14 Eisen, 31 F.3d at 1453).  Notably, Plaintiffs have not proffered any explanation for
15 the delay in filing their opposition brief.

16     As public policy favors disposition of cases on the merits, this factor
17 generally weighs against dismissal.  Pagtalunan, 291 F.3d at 643.  However, "a case
18 that is stalled or unreasonably delayed by a party's failure to comply [with local
19 rules] cannot move forward toward resolution on the merits."  In re
20 Phenylpropanolamine, 460 F.3d at 1228.  Thus, this factor does not weigh heavily
21 in favor of Plaintiffs who have the responsibility to move this case toward
22 disposition on the merits.  See id.

23     Finally, the district court must also consider the impact of the sanction of
24 dismissal and the availability of less drastic alternatives.  In re
25 Phenylpropanolamine, 460 F.3d at 1228. Rather than dismissing Plaintiffs' case
26 with prejudice, the court has adopted a less drastic alternative as set forth below.
27 Accordingly, the Court finds that the majority of these factors weigh in favor of
28 dismissal of the complaint without prejudice.

## **CONCLUSION**

Based on the foregoing considerations, the court hereby GRANTS Defendant's motion to dismiss without prejudice. Plaintiffs have thirty (30) days from the date of this order to submit an amended complaint. Failure to do so will result in the court's dismissal of this case with prejudice.

IT IS SO ORDERED.

DATED: October 28, 2013

Hon. Jeffrey T. Miller
United States District Judge